# EXHIBIT 1

IN THE DISTRICT COURT OF LOVE COUNTY
STATE OF OKLAHOMA

ACOMA ENERGY, LLC, a Texas limited )
liability company, and **IVORY ASSETS, LLC**, )
a Colorado limited liability company, )
)
               Plaintiffs, )
)
v. )   Case No. CJ-23-66
)
**XTO ENERGY, INC.**, a Delaware )
corporation, )
)
               Defendant. )

Filed in District Court
Love County, OK

DEC 0 1 2023

Wendy Holland, Court Clerk
By_____Deputy

## PETITION

**COMES NOW** the plaintiffs, Acoma Energy, LLC ("Acoma") and Ivory Assets, LLC ("Ivory"), collectively the "Plaintiffs," and for their claims against Defendant XTO Energy, Inc. ("Defendant" or "XTO") hereby allege and state the following:

### I. PARTIES, JURISDICTION AND VENUE

1. Acoma is a limited liability company organized and existing under the laws of the State of Texas and with its principal place of business in Lubbock, Texas.

2. Ivory is a limited liability company organized and existing under the laws of the State of Colorado and with its principal place of business in Denver, Colorado.

3. XTO is a corporation organized and existing under the laws of the State of Delaware and with its principal place of business in Fort Worth, Texas.

4. This case involves real property located in Love County, Oklahoma.

5. Jurisdiction and venue are proper in this Court pursuant to 12 O.S. § 132.

### II. FACTS

6. Plaintiffs re-allege and incorporate in full paragraphs 1-5 above.

Page 1 of 6

7.  In November of 2018, Acoma entered into the oil and gas leases described below, which covered mineral interests in the West-Half (W/2) and Northeast-Quarter (NE/4) of Section 26, Township 7 South, Range 2 East, Love County, State of Oklahoma:

| | |
|---|---|
| Lessor: | JCB Oil, LLC |
| Lessee: | Acoma Energy, LLC |
| Dated: | November 2, 2018 |
| Primary Term: | Three (3) Years |
| Book/Page: | 0859/774 |
| Legal: | W/2 and NE/4 of Section 26-7S-2E |

| | |
|---|---|
| Lessor: | Janet Sue Brown a/k/a Janet Sue Brannan Smoot |
| Lessee: | Acoma Energy, LLC |
| Dated: | November 6, 2018 |
| Primary Term: | Three (3) Years |
| Book/Page: | 0859/779 |
| Legal: | W/2 and NE/4 of Section 26-7S-2E |

| | |
|---|---|
| Lessor: | WRB Oil & Gas, LLC |
| Lessee: | Acoma Energy, LLC |
| Dated: | November 8, 2018 |
| Primary Term: | Three (3) Years |
| Book/Page: | 0859/745 |
| Legal: | W/2 and NE/4 of Section 26-7S-2E |

(collectively, the "Subject Leases").

8.  On or about March 31, 2019, Acoma assigned Fifty-Percent (50.00%) of its total ownership interest in the Subject Leases to Wolf Resources, LLC, Great Northern Gas Company, and Ivory (collectively, the "Assignees").

9.  On or about April 1, 2019, by way of subsequent assignment, Acoma and the Assignees, including Ivory, conveyed the entirety of their collective interests in the Subject Leases to Trailhead Exploration, LLC, less and except certain overriding royalty interests. Specifically, Acoma reserved and excepted an overriding royalty interest in each tract covered by the Subject Leases equal to 0.50% of 8/8ths in all hydrocarbons produced pursuant to the terms thereof. Similarly, Ivory reserved and excepted an overriding royalty interest in each tract covered by the

Subject Leases equal to 0.075% of 8/8ths in all hydrocarbons produced pursuant to the terms thereof. Restated, Acoma's portion of the retained override in the Subject Leases equaled Fifty-Percent (50.00%) of the One-Percent (1.00%) of the 8/8ths of production from the Subject Leases and Ivory's portion of the retained override in the Subject Leases equaled then and equals today Seven-and-One-Half Percent (7.50%) of the One-Percent (1.00%) of the 8/8ths of production from the Subject Leases (collectively, the "Subject ORRIs").

**10.** On or about November 1, 2023, Great Northern Gas Company assigned back to Acoma One Hundred Percent (100.00%) of the interest conveyed to it by Acoma on or about March 31, 2019, as described in Paragraph 8 above. *See* Assignment of Overriding Royalty Interests recorded at Book 0961/Page 559, Love County Clerk. Following the November 1 assignment, Acoma's overriding royalty interest in each tract covered by the Subject Leases increased to 0.6500% of 8/8ths in all hydrocarbons produced pursuant to the terms thereof. Restated, Acoma's portion of the retained override in the Subject Leases now equals Sixty-Five Percent (65.00%) of the One-Percent (1.00%) of the 8/8ths of production from the Subject Leases.[1]

**11.** Upon information and belief, XTO commenced drilling operations on the Fish 1-35H26X23 oil and gas well (the "Subject Well") within the primary terms of the Subject Leases.

**12.** Each of the Subject Leases contained the following commencement clause:

> If the lessee shall commence to drill a well or commence reworking operations on an existing well within the primary term of this lease, or on acreage pooled therewith, the lessee shall have the right to drill such well to completion or complete reworking operations with reasonable diligence and dispatch, and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years first mentioned.

(the "Commencement Clause").

---

[1] The definition of Subject ORRIs shall be expanded to include Acoma's increased overriding royalty interest following the assignment from Great Northern Gas Company.

**13.** By commencing drilling operations within the primary terms of the Subject Leases, XTO perpetuated the Subject Leases into their secondary terms pursuant to the Commencement Clause, and they continue to be held by production. By extension, the Subject ORRIs held by Plaintiffs are valid and existing. Though valid and existing, XTO has not recognized the Subject ORRIs held by the Plaintiffs that derive from the Subject Leases and, therefore, XTO has not paid the Plaintiffs any revenues attributable thereto.

**14.** Finally, certain oil and gas top leases taken on behalf of XTO by R.D. Williams & Company ("RDW") are clouding title to the overriding interests held by the Plaintiffs. *See* Oil & Gas Lease dated 11/30/2021 and recorded at Book 927/Page 795 with the Love County Clerk, State of Oklahoma; *Ex. 11*, Oil & Gas Lease dated 11/19/2021 and recorded at Book 927/Page 539 with the Love County Clerk, State of Oklahoma; and *Ex. 12*, Oil & Gas Lease dated 11/19/2021 and recorded at Book 927/Page 536 with the Love County Clerk, State of Oklahoma. Collectively, the foregoing will be referred to as the "XTO Top Leases."

## III. CLAIMS

### Claim No. 1 – Quiet Title

**15.** Plaintiffs re-allege and incorporate in full paragraphs 1-14 above.

**16.** Plaintiffs have valid and existing overriding royalty interests that are derived from the Subject Leases (*i.e.*, the Subject ORRIs). Though Plaintiffs have valid and existing overriding royalty interests that are derived from the Subject Leases, XTO has failed to recognize their interests. Rather than recognize Plaintiffs' valid and existing overriding royalty interests derived from the Subject Leases, XTO only recognizes the XTO Top Leases, creating a cloud on Plaintiffs' title. Thus, an actual controversy exists between Plaintiffs and XTO concerning the failure of XTO to recognize the overriding royalty interests held by Plaintiffs.

17. Because an actual controversy exists between Plaintiffs and XTO, Plaintiffs seek the following judicial declarations from the Court pursuant to the Oklahoma Judicial Declaratory Judgment Act, 12 O.S. § 1651, *et seq.*: **(i)** an order declaring that the Subject Leases are valid and, by extension, the Subject ORRIs deriving therefrom held by Plaintiffs must be recognized by XTO; **(ii)** an order removing the cloud on Plaintiffs' title by declaring that XTO Top Leases are a factual and/or legal nullity or, alternatively, the XTO Top Leases have not vested and – by extension – remain subservient to the Subject Leases, including the Subject ORRIs deriving from the Subject Leases; and **(iii)** an order declaring that Plaintiffs are rightfully entitled to receive oil and gas revenues attributable to the Subject ORRIs, including all revenues past-due, as well as interest accruing thereon.

### Claim No. 2 – Violation of the Production Revenue Standards Act, 52 O.S. § 570.1 *et seq.* (the "Act")

18. Plaintiffs re-allege and incorporate in full paragraphs 1-17 above.

19. Because the Subject ORRIs are valid, Plaintiffs are entitled to all revenues attributable thereto from XTO. Despite being entitled to all revenues attributable thereto, XTO has failed to remit any revenue attributable to the Subject ORRIs to Plaintiffs, electing instead to retain the revenues for its own benefit and without factual or legal justification.

20. XTO should be ordered and directed to provide Plaintiffs with an accounting of all revenues attributable to the Subject ORRIs from the date of first production from the Subject Well to present and continuing. XTO should be further ordered to place Plaintiffs into pay status and remit all back-due monies attributable to the Subject ORRIs immediately.

21. Plaintiffs should be granted judgment against XTO for the principal amount of all revenues due and owing that attributable to the Subject ORRIs, which are being wrongfully withheld by XTO, together with statutory interest accruing thereon in accordance with the

provisions of the Production Revenue Standards Act, 52 O.S. § 570.1 *et seq.*, as well as costs and attorneys' fees.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, above premises considered, Plaintiffs pray for **(1)** judicial declarations that: **(i)** the Subject Leases are valid and, by extension, the overriding royalty interests deriving therefrom and held by Plaintiffs must be recognized by XTO; **(ii)** the XTO Top Leases are a factual and/or legal nullity or, alternatively, have not vested and – by extension – remain subservient to the Subject Leases, including the overriding royalty interests deriving from the Subject Leases; and **(iii)** Plaintiffs are rightfully entitled to receive oil and gas revenues attributable to the Subject ORRIs, including all revenues past-due, as well as interest accruing thereon; **(2)** for an accounting from XTO of all revenues attributable to the Subject ORRIs from the date of first production from the Subject Well to present and continuing; **(3)** for judgment against XTO in the principal amount of all revenues due and owing to Plaintiffs attributable to the Subject ORRIs, which are being wrongfully withheld by XTO, together with statutory interest accruing thereon in accordance with the provisions of the Production Revenue Standards Act, 52 O.S. § 570.1 *et seq.*, as well as costs and attorneys' fees; and **(4)** for all further relief deemed just and equitable by the Court.

Respectfully submitted by:
**LYTLE SOULÉ & FELTY, P.C.**

_____
Matthew K. Felty, OBA #31057
Morgan M. Lawson, OBA #35163
1200 Robinson Renaissance
119 N. Robinson Avenue
Oklahoma City, OK 73102
(405) 235-7471 (Telephone)
(405) 232-3852 (Facsimile)
mkfelty@lytlesoule.com
lawson@lytlesoule.com

COUNSEL FOR ACOMA ENERGY, LLC AND IVORY ASSETS, LLC